# Macbeth Evans Glass Company *v.* Van Blarican.

[No. 21,879.   Filed June 9, 1911.]

1. **Work and Labor.**— *Contracts.— Breach.— Justification.—* Evidence that an employe of a glass company quit work because of the bad material furnished to him, rendering it impossible to make a living, supports a decision justifying a breach of such employe's contract to work for such company for five years. p. 70.

2. **Appeal.**—*Briefs.—Waiver.—*Points not discussed are waived. p. 70.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Melvin Van Blarican against the Macbeth Evans Glass Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*B. H. Campbell, E. R. Call, Joseph F. Cowern* and *Frederick E. Matson,* for appellant.

*Stephen McSwiggan,* for appellee.

Morris, J.—Appellant, a corporation engaged in manufacturing glassware, employed appellee as a laborer in its factory. This action was for wages alleged to be due to appellee from appellant, and for attorneys' fees, under §§7996, 7999 Burns 1908, Acts 1887 p. 13, §§1, 4. It was commenced before a justice of the peace, and appealed to the circuit court. Defendant filed no answer. There was a trial by the court, and a finding and judgment for plaintiff for $26.75, and the further sum of $25 for attorneys' fees. It was admitted by the parties at the trial that appellee had earned $26.75 while in appellant's employ, which had not been paid to him. Appellant offered in evidence a written contract signed by appellee which provided that the company should retain in its hands five per cent of the wages earned, as a guarantee for the faithful performance of the terms of the contract, and for any breach of which the money so retained should be paid to the company as liquidated damages for the breach.

Bender *v.* State, ex rel.—176 Ind. 70.

The contract bound the company to employ plaintiff for a period of five years from January 11, 1906.

Appellant contends that the evidence shows that appellee voluntarily quit the service, without cause, and thereby forfeited any right to recover the five per cent of the wages retained. The amount retained was a little more than five per cent of the amount earned.

Appellee was the only witness who testified about the termination of the service. He said he quit work in March, 1907, because he could no longer make a living working on the scale of wages provided in the contract, by reason of the bad glass—"stiff glass"—furnished him by the company on which to work. This evidence was not disputed. It sustains the finding of the circuit court, that appellee was justified in quitting the employment.

Appellant contends that the court was not justified in making any allowance for appellee's attorneys' fees, because the statute before mentioned violates article 1, §23, of the Constitution of Indiana. The contrary was held by this court in *Macbeth Evans Glass Co.* v. *Amama* (1911), *ante,* 1.

One of the errors assigned on this appeal is that the complaint is insufficient in its allegations of fact. This alleged error is waived by failure to discuss it in appellant's brief. There is no error in the record. Judgment affirmed.